AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
District of Utah

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| COLIN ANDREW SHAPARD | ) | Case Number: DUTX2:22CR00105-001 HCN |
| | ) | USM Number: 90221-509 |
| | ) | G. Fred Metos |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   One of the Indictment

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) | Distribution of a Controlled Substance that Resulted in Serious Bodily Injury | | One |

The defendant is sentenced as provided in pages 2 through  9  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)  2 - 6 of the Indictment   ☐ is  ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

4/4/2024
Date of Imposition of Judgment

*[signature]*
Signature of Judge

Howard C. Nielson, Jr., United States District Judge
Name and Title of Judge

4/9/2024
Date

Judgment — Page 2 of 9

DEFENDANT: COLIN ANDREW SHAPARD
CASE NUMBER: DUTX2:22CR00105-001 HCN

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

240 months

☑ The court makes the following recommendations to the Bureau of Prisons:

SEE NEXT PAGE

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____.

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____.

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Judgment—Page 3 of 9

DEFENDANT: COLIN ANDREW SHAPARD
CASE NUMBER: DUTX2:22CR00105-001 HCN

# ADDITIONAL IMPRISONMENT TERMS

The court recommends to the Bureau of Prisons that the defendant be allowed to serve his sentence of incarceration at a facility that will provide physical and mental health services that are needed for the defendant as well as to provide the defendant substance abuse treatment. Based on the representations of defense counsel regarding the services and particularly the medical services available, the court believes that FCI Butner would be an appropriate designation. The court also notes defense counsel's representation that placement at FCI Butner would facilitate family visitation because it is located near Mr. Shapard's family in Tennessee.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __4__ of __9__

DEFENDANT: COLIN ANDREW SHAPARD
CASE NUMBER: DUTX2:22CR00105-001 HCN

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

3 years. The Defendant shall report in person to the probation office in the district to which he is released within 72 hours of release from custody of the Federal Bureau of Prisons.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
　　　　　　　　　　　Sheet 3A — Supervised Release

Judgment—Page  5  of  9

DEFENDANT:   COLIN ANDREW SHAPARD
CASE NUMBER:   DUTX2:22CR00105-001 HCN

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may, after obtaining Court approval, notify the person about the risk or require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT: COLIN ANDREW SHAPARD
CASE NUMBER: DUTX2:22CR00105-001 HCN

## SPECIAL CONDITIONS OF SUPERVISION

1. The Defendant shall not use or possess alcohol or frequent businesses where alcohol is the chief item of order.

2. The Defendant shall submit to drug/alcohol testing, under a copayment plan, up to 8 tests per month, as directed by the U.S. Probation Office.

3. The Defendant shall participate in and successfully complete a substance-abuse evaluation and/or treatment, under a copayment plan, as directed by the U.S. Probation Office. During the course of treatment, Defendant shall not consume alcohol or frequent businesses where alcohol is the chief item of order.

4. The Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficacy or accuracy of any prohibited substance testing that is required as a condition of supervision.

5. The Defendant shall not use, possess, ingest, or market products containing THC in any form, and shall not use or ingest CBD products that are not approved by the Food and Drug Administration and obtained from a pharmacy by prescription from a licensed medical professional. For purposes of this condition, a marijuana medical card or other authorization for THC or CBD issued under the law of any State is not a prescription and a THC or CBD dispensary is not a pharmacy.

6. The Defendant shall participate in and successfully complete a mental-health evaluation and/or treatment program, under a copayment plan, as directed by the U.S. Probation Office, shall take any mental health medications as prescribed, and shall not possess or consume alcohol or frequent any businesses where alcohol is the chief item of order during the course of treatment or medication.

7. The Defendant shall submit his person, property, house, residence, office, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), and other electronic communications or data storage devices or media to a search, conducted by the U.S. Probation Office, at a reasonable time and in a reasonable manner based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; and the Defendant shall warn any other residents that the premises may be subject to searches under this condition.

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
　　　　　　Sheet 5 — Criminal Monetary Penalties

Judgment — Page __7__ of __9__

DEFENDANT: COLIN ANDREW SHAPARD
CASE NUMBER: DUTX2:22CR00105-001 HCN

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| TOTALS | $ 100.00 | $ 10,172.05 | $ 0.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| See SEALED restitution list | $10,172.05 | $10,172.05 | |

| TOTALS | $ 10,172.05 | $ 10,172.05 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　☑ the interest requirement is waived for the　☐ fine　☑ restitution.

　☐ the interest requirement for the　☐ fine　☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment—Page 8 of 9

DEFENDANT: COLIN ANDREW SHAPARD
CASE NUMBER: DUTX2:22CR00105-001 HCN

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The defendant shall pay the greater of $25 per quarter or 50% of his income while incarcerated. If the defendant receives more than $200 from any outside source in any given month during the period of incarceration, all funds received in excess of $200 that month shall be paid toward restitution. The defendant shall pay restitution at a minimum rate of $100 per month upon release from incarceration.

The Court waives the accrual of interest.

Judgment — Page 9 of 9

DEFENDANT: COLIN ANDREW SHAPARD
CASE NUMBER: DUTX2:22CR00105-001 HCN

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ 100.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names *(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.